IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| KASSANDRA R. JENKINS, | ) | CASE NO. 09-36433-H3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

### MEMORANDUM OPINION

On December 10, 2009, the court held a hearing on the "Motion for Relief from Automatic Stay of Act Against Property Requesting One (1) Year in Rem Relief and 270 Day Bar Language" (Docket No. 26) filed by Saxon Mortgage Services, Inc. ("Saxon"), and the "Amended Trustee's Motion to Dismiss" (Docket No. 28) filed by the Chapter 13 Trustee. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the Trustee's motion to dismiss, rendering Saxon's motion for relief from stay moot. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Kassandra R. Jenkins ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the instant case on August 31, 2009. William E. Heitkamp is the Chapter 13

Trustee.

The instant case is Debtor's third Chapter 13 case. Debtor filed Case No. 06-36821-H3-13 on December 4, 2006. In that case, Debtor proposed a plan calling for payments to the Chapter 13 Trustee of $1,660 per month. The plan called for distributions to Saxon, through the Trustee, of $756.00 per month for regular monthly mortgage payments, and $245.61 per month to cure Debtor's prepetition arrearage on her home mortgage.

In the first case, Debtor's schedule I indicated she had income of $3,505.00 per month, primarily from her business as a self-employed landscaper.

On March 22, 2007, the Chapter 13 Trustee moved to dismiss, on grounds Debtor had failed to file federal income tax returns for 2003 and 2005, and had failed to make payments due under the plan. The first case was dismissed on Trustee's motion, by order entered May 8, 2007.

Debtor filed Case No. 07-37748-H3-13 on November 6, 2007. In that case, Debtor proposed a plan calling for payments to the Chapter 13 Trustee of $1,450 per month. The plan called for distributions to Saxon, through the Trustee, of $756.00 per month for regular monthly mortgage payments, and $392.16 per month to cure Debtor's prepetition arrearage on her home mortgage.

2

In the second case, Debtor's Schedule I indicated she had income of $2,485.00 per month, of which $2,100.00 was coming from her business as a self-employed landscaper.

In the second case, which was filed within one year after the first case was dismissed, Debtor filed a motion to extend the automatic stay. Saxon opposed the motion. At the hearing on that motion, on December 4, 2007, Debtor testified that she had five commercial clients and fifteen residential clients for her landscaping services. She testified that she was earning $2,100 to $2,500 per month.

In the second case, Debtor's plan was confirmed, by order entered February 28, 2008. On May 27, 2008, the Chapter 13 Trustee moved to dismiss, on grounds Debtor had failed to make the payments called for under the plan. The second case was dismissed, on Trustee's motion, by order entered August 4, 2008.

Debtor filed the instant case on August 31, 2009. In the instant case, Debtor has proposed a plan calling for payments to the Chapter 13 Trustee of $1,200 per month. The plan calls for distributions to Saxon, through the Trustee, of $690.81 per month for regular monthly mortgage payments, and $388.89 per month to cure Debtor's prepetition arrearage on her home mortgage.[1]

---

[1] On December 8, 2009, Debtor filed an amended plan increasing the payment from $1,200 per month to $1,310 per month, beginning in the fifth month.

In the instant case, Debtor's schedule I indicates she has income of $2,485 per month, of which $2,100 comes from her business as a self-employed landscaper.

Saxon has moved for relief from stay, and has requested that the court grant it in rem relief as to Debtor's homestead. Saxon has also requested that the court dismiss the instant case with prejudice to refiling for 270 days.  Saxon asserts that extraordinary relief is justified because "Debtor's continual and intentional failure to remit funds to Movant as well as repetitive bankruptcy filings to stop scheduled foreclosure proceedings illustrate how debtors can manipulate and abuse the intent and purpose of the Bankruptcy Code."  (Docket No. 26).

The Chapter 13 Trustee has moved to dismiss, on grounds Debtor's plan does not provide for full payment of secured and priority claims, payments have not been made, and Debtor has failed to file 2007 and 2008 FUTA tax returns and 2008 income tax returns.  (Docket No. 28).

At the hearing on the instant motions, Debtor testified that she inherited her home from her father in 2003.  She testified that her debt to Saxon arises from a home equity loan. She testified that she is unable to make the plan payments in the instant case, because weather problems have interrupted her ability to do the landscaping requested by her clients.  Debtor

4

testified that she has paid two payments of $600 each to the Chapter 13 trustee.

## Conclusions of Law

Section 1307(c) of the Bankruptcy Code provides for dismissal of a case, on request of a party in interest, for cause. Cause includes unreasonable delay by the debtor that is prejudicial to creditors (Section 1307(c)(1))); and failure to commence making timely payments (Section 1307(c)(4)).

In the instant case, although Debtor has commenced making payments, the payments actually made were in an amount less than those called for by the plan. Debtor's testimony indicates that she is unable to make the payments called for by her proposed plan. The court concludes that Trustee has established cause for dismissal.

Saxon seeks that this court's dismissal of the case be with prejudice to refiling, and/or <u>in rem</u> relief from stay. Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), this court has on rare occasions granted extraordinary relief on motions for relief from stay, including provisions for <u>in rem</u> relief, and for any future dismissal to be with prejudice, where the granting of such relief was the only avenue available to prevent abuse of the bankruptcy courts by debtors. <u>See</u> <u>e.g.</u> <u>In re Two Story Enterprises, Inc.</u>, (Order 10/26/2005, Docket No. 18, Case No. 05-

44312-H3-11); In re Scott, (Order 8/29/2000, Docket No. 12, Case No. 00-80104-G3-13).

In BAPCPA, Congress enacted several protections and remedies for creditors.  The protections enacted include, depending on the circumstances of the case, provisions under which the automatic stay terminates on the 30th day after refiling, or does not go into effect at all.  See 11 U.S.C. §§ 362(c)(3), 362(c)(4).

In the instant case, Saxon has not demonstrated the absence of an available remedy if Debtor chooses to file another case after dismissal of the instant case.  The court concludes that dismissal of the instant case should be without comment as to any prejudice.

Based on the foregoing, a separate Judgment will be entered dismissing the above captioned Chapter 13 case.

Signed at Houston, Texas on January 5, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

6